## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| HOWARD RIMSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:21-00553-CV-RK |
| | ) | |
| AMAZON LOGISTICS, INC.,  PRECISE | ) | |
| PACKAGE DELIVERY, LLC,  VENUS, | ) | |
| LLC,  AMAZON.COM SERVICES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff's motion to exceed agreed deposition limit of fifteen, up to twenty-five, with supporting suggestions.  (Doc. 67.)  Defendant Precise Package Delivery, LLC, opposes.  (Doc. 76.)  For the reasons below, Plaintiff's motion is **DENIED without prejudice.**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1). Proportionality concerns "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  *Id.*  The Federal Rules also protect the parties from excessive discovery by limiting the number of depositions that a party may take to ten.  *See* Fed. R. Civ. P. 30.

Here, Plaintiff proposes taking 25 depositions while providing the Court a list of proposed witnesses who, according to Defendant Precise Package Delivery, LLC, ("Precise") appear redundant and cumulative.  Defendant Precise points out that Plaintiff wants to take 13 depositions of current or former managers alone, and six depositions of witnesses who may have knowledge about a March 3, 2020, training room incident involving Plaintiff and an Amazon trainer. Defendant Precise argues there is no need for multiple depositions from the same category of witnesses, which will result in the same or similar testimony.  Plaintiff also asks to depose individuals mentioned in depositions, but Defendant Precise asserts just because a deponent identifies a person does not make that person's testimony relevant or needed.

After careful consideration of the record and the briefing on this motion, the Court finds Defendant Precise's arguments persuasive. Accordingly, Plaintiff's motion to exceed agreed deposition limit of fifteen, up to twenty-five (Doc. 67) is **DENIED without prejudice.** To the extent Plaintiff believes he needs and is entitled to additional depositions as discovery progresses, the parties are reminded that future discovery disputes should first be addressed in accordance with the Court's Discovery Dispute Protocol, available at Judge Ketchmark's website, and in compliance with Local Rule 37.1(a).

**IT IS SO ORDERED.**

/s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  March 30, 2022